BURCH, J.
Defendant was convicted of putting out a sign in violation of the clause of section 5536 of the Business and Professions Code which makes it a crime to put out a sign that “might indicate to the public that he was an architect.” The sign which defendant put out read as follows:
*928 “John Lloyd Wright, A.I.A.
Design
Supervision
Owner’s Agent Del Mar”
Our question on this appeal is the sufficiency of the evidence to prove the defendant’s guilt.
The ease was before us on a former appeal which tested the validity of the phrase quoted above from section 5536. We decided that the words might reasonably be construed to evidence a legislative intent to prohibit a representation that one who rendered architectural services without a license was, in fact, licensed to do so under the act. (§ 5500.) By such construction we decided the constitutionality of the act was saved. {People v. Wright, 131 Cal.App.2d Supp. 853 [281 P.2d 384].) It is conceded for the purposes of the present appeal that defendant has not violated the act otherwise, and this includes the giving of written notice to his employer before he rendered the particular services authorized by section 5537.
The People contend that the initials A.I.A. attached to defendant’s name, when used in conjunction with the word “design,” amounted to a false advertisement that defendant was licensed as an architect under the act. The argument is made that since the initials A.I.A. mean membership in the American Institute of Architects, a designer who makes known the fact of his membership in this American institute is somehow or to some extent representing that he is licensed by the state. Under our federal system each of Us is aware that he is a citizen of the nation at large, an American, as well as a citizen of the state where he may be domiciled. The use of the word American seems to suggest a national rather than a state institution. There is no evidence in the whole or any part of the Architects’ Act that the state forbids a designer or owner’s agent to be a member of the American Institute, but there is in section 5537 conditional provision for designers to draw plans and specifications and render other architectural services though not licensed by the state. We hold that with the authority goes the right to inform the public. What the defendant has said in this regard is both true and forthright and constitutes no violation of section 5536.
Judgment is reversed.
Turrentine, P. J., and Glen, J., concurred.